#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  2:20-cv-00071 SRC |
| | ) | |
| DANIEL REDINGTON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

This closed case is before the Court on self-represented plaintiff James Cook's motions for "extension of time to file a responsive pleading" and for reconsideration of the dismissal of this action.  Docs. 14, 15.  On May 5, 2021, the Court granted Cook's motion to proceed in forma pauperis and dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  Doc. 9.  For the reasons discussed below, the Court denies Cook's motion for extension of time to file a responsive pleading, but grants his motion for reconsideration.

### Background

Cook, an inmate at Southeast Correctional Center (SECC), filed the instant action on November 16, 2020, alleging violations of his civil rights related to his incarceration at Northeast Correctional Center (NECC).  He named four defendants in a document titled, "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction and/or Temporary Restraining Order."  The Court treated this document as both a complaint and motion for injunctive relief. Doc. 9 at p. 7.  Cook's claims against Defendants included allegations of denial of access to the law library, deliberate indifference to his medical needs, unlawful conditions of confinement, and

a failure to protect violation. The Court examined the claims in his present lawsuit in the context of his prior case in this Court, *Cook v. Lockhart*, No. 2:20-cv-24 SRC (E.D. Mo).[1]

After examining the claims in Cook's complaint, the Court found that his claims for injunctive relief had been mooted by his transfer from NECC to SECC. Additionally, to the extent Cook was seeking prospective relief, his complaint failed to state valid claims under the First and Eighth Amendments. For example, his claims against Defendants in their official capacity were subject to dismissal, as these were merely claims against the State of Missouri for injunctive relief. And Cook had failed to show that the State had established an unlawful policy or custom relative to his claims for relief.

Cook had failed to show a First Amendment violation, as he had not shown that he had been denied the ability to defend himself, or advance a viable legal claim, in a criminal appeal, post-conviction matter, or civil rights action in the months of August or September of 2020.

Cook had additionally failed to establish an Eighth Amendment violation, as he had failed to articulate a specific medical condition that he suffered from during the relevant time period that required treatment or medication. Accordingly, he had failed to allege that he suffered from a serious medical need. Moreover, even if the Court surmised that he had a serious medical need,

---

[1] Cook's filed his previous case on May 4, 2020. In that action, he asserted claims related to his incarceration at NECC, and he claimed that he had been denied medical care and treatment for his serious health conditions. He also stated that he had been denied proper therapy, recreation, and a "normal routine prison life." Cook additionally claimed that he had been subjected to retaliation under the First and Eighth Amendments for filing grievances for his attempts to seek medical care. Lastly, Cook alleged that his due process rights were violated when he was placed in administrative segregation. In *Cook v. Lockhart*, No. 2:20-cv-00024 SRC (E.D. Mo), the Court dismissed Cook's official capacity claims against the defendants, as well as the individual capacity claims against defendants Chantay Godert, Kim Samang, and Melody Griffin. The Court also dismissed Cook's First and Fourteenth Amendment claims. However, the Court issued process on defendants Correctional Officer Lukendra Lockhart, Nurse Kalley Campbell, Nurse Rachel Slaughter, Dr. Jeffrey McCollum, and Medical Records Clerk Sandra Shepard in their individual capacities as to Cook's Eighth Amendment claims of deliberate indifference to his medical needs. Cook's multiple requests for injunctive relief were denied.

Cook had not articulated the defendant he believed had denied him medical care during the relevant time.

Similarly, he failed to link his alleged "necessities" for "recreation, therapy and sanitation" to a particular defendant. In other words, Cook failed to identify a defendant he had sought what he believed to be necessary "conditions of confinement" from, and he also failed to indicate which defendant "double-celled" him when he believed he should be single-celled. Furthermore, he failed to show that he had been denied a liberty interest when he was placed in administrative segregation.

Lastly, Cook failed to show that his Eighth Amendment rights were violated, or that he had been subjected to a failure to protect violation. He alleged that he had been denied protective custody and forced to double cell with known enemies; however, he failed to assert which defendant forced him to cell with an enemy or which defendant made the decision not to place him in protective custody. Moreover, Cook failed to show that these actions were done in retaliation.

### Cook's Motions Before the Court

In his motion for "extension of time to file a responsive pleading," Cook seeks additional time to respond to the Court's May 5, 2021 Memorandum and Order and Order of Dismissal. As no responsive pleading is required to the Order of Dismissal, the Court will deny Cook's motion for extension of time.

In his motion for reconsideration of the dismissal, Cook asserts that he did not mean to commence an action with the filing of the document titled, "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order." He asserts that at the time he filed the document this Court interpreted as a complaint, he was undergoing "life-threatening circumstances, harassment and retaliation from staff at Northeast Correctional

Center (NECC) and was seeking injunctive relief while he exhausted NECC's administrative remedies."

Cook further asserts that although he did not wish to pursue an actual complaint, but rather an action for injunctive relief, he did submit a certified copy of his account statement on or about December 21, 2020.  He asserts that he had not exhausted his prison remedies with respect to his claims against defendants prior to bringing his action for injunctive relief in this case.  Thus, he did not want to seek a civil action.

## Discussion

Cook asserts that he is bringing his motion for reconsideration of the dismissal of this action pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).  It is not intended to be a vehicle for seeking

4

reconsideration of merit arguments that were previously considered by the court.  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  After reviewing the arguments made by Cook in his motion for rehearing, the Court grants his motion.

As noted in the May 5, 2021 Memorandum and Order, this Court treated Cook's "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction and/or Temporary Restraining Order" as both a complaint and motion for injunctive relief.  Doc. 9 at p. 7.  However, before the Court issued its initial ruling, Cook asserted in a memorandum filed on December 28, 2020, that his submission should have been filed as a motion for injunctive relief rather than a complaint.  Doc. 6.  In his motion for reconsideration, Cook reasserts that he did not intend to file a complaint or commence an action, and his memorandum to the Court on December 28, 2020 was his "attempt to make the Court aware" that he did not intend to commence an action with the submission of his certified account statement.  Doc. 15 at p. 4.  He further states that "could not file a complaint[] because he was still exhausting administrative remedies[,]" and that he "did not attempt to state a claim or name responsible the defendants because [he] did not intend on filing a complaint."  *Id*. at pp. 4, 5.

As Cook himself notes, *id*. at p. 6, Rule 3 of the Federal Rules of Civil Procedure states, "[a] civil action is commenced by filing a complaint with the court."   Moreover, motions for injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure.  Both temporary restraining orders, as well as preliminary injunctions contemplate that motions for injunctive relief will be filed *in conjunction with*, a separate complaint. In fact, Rule 65(d)(1)(C) – "Content and Scope of Every Injunction and Restraining Order," indicates that the Court must "describe in detail *– and not by referring to the complaint or other document,* the act or acts restrained or required." (emphasis added).  Based on these rules, a district court cannot entertain a motion for preliminary

5

injunction without a complaint. *Betone v. Cheyenne River Sioux Tribal Council*, 104 F. App'x 604 (8th Cir. 2004) ("We agree with the district court that absent a complaint, [a motion for preliminary injunction] could not be entertained." (citations omitted)) (unpublished opinion).

Cook has pursued other litigation in this district, and thus has familiarity with the pleading practices in federal court. *See Cook v. Lockhart*, No. 2:20-cv-00024 SRC (E.D. Mo). He could have filed an amended complaint, but instead decided to explicitly notify the Court that he did not intend to file a complaint. Doc. 6. Cook has repeatedly and consistently represented that he did not intend to commence an action. Docs. 6, 15. Therefore, the Court will treat his "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction and/or Temporary Restraining Order" as only a motion for injunctive relief.

Accordingly, the Court dismisses this action because it cannot "entertain" a motion for preliminary injunction without the filing of the complaint. *See Betane*, 104 F. App'x 604. However, with the Court no longer treating his "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction and/or Temporary Restraining Order" as a complaint, the makes no ruling on the merits of his motion or any potential claims. The Court thus denies Cook's request to amend his complaint as moot.

**IV.    Conclusion**

The Court denies as moot Cook's [14] motion for extension of time to file a responsive pleading to the Order of Dismissal. The Court grants Cook's [15] motion for reconsideration of the dismissal of this action. The Court dismisses this action for failure to file a complaint, not for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

6

So Ordered this 12th day of August 2021.

_SLR. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

7

So Ordered this 12th day of August 2021.

*SLR. CR* (signature)

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**